UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YAN DU, ET AL., individually and on behalf of all others similarly situated<br>    *Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ET AL.<br>    *Defendants*. | 3:25-cv-644 (OAW) |

## ORDER PRESERVING JURISDICTION

**THIS ACTION** arises out of the termination of the F-1 status records of dozens of international students and employees studying at or employed by universities in Connecticut.[1] Plaintiffs are international students who bring this case on behalf of themselves, and other individuals affiliated with Connecticut universities whose F-1 status was terminated. *See* Compl. ¶¶ 2, 89, ECF No. 1. Defendants are the United States Department of Homeland Security ("DHS"), Secretary of the Department of Homeland Security Kristi Noem, and Acting Director of Immigration and Customs Enforcement ("ICE") Todd Lyons (together "Defendants"). *Id.* ¶¶ 14–16.

The termination of Plaintiffs' and putative class members' F-1 status records puts them in immediate danger of deportation, which in turn may deprive this court of jurisdiction over the deportee's claims. *See* 8 U.S.C. § 1227(a)(1)(C)(i) ("Any alien who

---

[1] The United States Department of Homeland Security ("DHS") monitors and enforces the F-1 status program. *See* SEVP Overview, https://www.ice.gov/sevis (last visited April 24, 2025). The program is administered through the Student and Exchange Visitor Information System ("SEVIS"), which DHS and universities use to communicate and maintain information about participating students. *See* Student and Exchange Visitor Information System, https://www.ice.gov/sevis/overview (last visited April 24, 2025).

1

was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted . . . is deportable.").

Under the All-Writs Act, a district court may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651. This has been interpreted to empower a court to "issue all orders necessary to protect its jurisdiction." *Leuthavone v. Salisbury*, No. 97-cv-556-JJM, 2025 WL 1135588, at *1 (D.R.I. Apr. 17, 2025); *see also Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, 'the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction'"). The Act goes as far as to grant courts the authority to "enjoin and bind *non-parties to an action* when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction." *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 338 (2d Cir. 1985) (emphasis added).

Thus, a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases. *See, e.g.*, *Rodriguez v. Noem et al*, No. 3:25-cv-00616-SRU at ECF No. 7, (D. Conn. April 19, 2025) ("Defendants . . . are enjoined from removing the plaintiff from the District of Connecticut or deporting the plaintiff from the United States . . . until further order of the court, in order to preserve this court's jurisdiction to consider the merits of the case"); *Mahmoud Khalil v. Joyce*, No. 25-cv-01935-JMF at ECF No. 9, 2025 WL 750599 (S.D.N.Y. Mar. 10, 2025) ("To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not

be removed from the United States unless and until the Court orders otherwise"); *Ozturk v. Hyde et al*, No. 1:25-cv-10695-DJC at ECF No. 16 (D. Mass. Mar. 28, 2025) ("To allow the Court's resolution of its jurisdiction to decide the Petition, Ozturk shall not be removed from the United States until further Order of this Court." (internal citation omitted)); *Garcia-Izquierdo v. Gartner*, No. 04 CIV. 7377 (RCC), 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) ("Under the All Writs Act . . . the Court may order that a petitioner's deportation be stayed only when a stay is necessary to preserve the Court's jurisdiction of the case." (citing *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 266 F.3d 45, 49–50 (2d Cir. 2001)); *Leuthavone v. Salisbury*, 2025 WL 1135588, at *2 (granting a stay of removal "to maintain the status quo and preserve the Court's ability to adjudicate the habeas petition").

Accordingly, Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert with them, hereby are ENJOINED from removing any Plaintiffs or putative class members from the District of Connecticut, and from deporting them from the United States. In order to preserve this court's jurisdiction to adjudicate the merits of the case, this order shall remain in effect until further order of the court.

The Clerk of Court respectfully is asked to please email a copy of this order to the Acting United States Attorney for the District of Connecticut.

**IT IS SO ORDERED** in Hartford, Connecticut, this 24th day of April, 2025.

Omar A. Williams
Digitally signed by Omar A. Williams
Date: 2025.04.24 23:08:52 -04'00'

OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE